# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MILAN KNOX,

                Plaintiff,

        v.

GARY LUKE,

                Defendant.

No. 19-cv-00343

Judge John F. Kness

## MEMORANDUM OPINION AND ORDER

The genesis of this lawsuit occurred over a decade ago when Plaintiff Milan Knox was involved in a car accident that, as Plaintiff later admitted through a guilty plea in a criminal case, happened while he was driving drunk. Plaintiff alleges that Defendant Gary Luke, a Village of Sauk Village police officer, responded to the accident and, because of a personal vendetta, falsified evidence of Plaintiff's intoxication. Plaintiff alleges that this falsified evidence led to his being arrested, charged, released on bond, and, of relevance here, convicted in an Illinois court of driving under the influence of alcohol (DUI). Plaintiff later violated his bond conditions and was detained for over three years before his criminal trial. Plaintiff asserts that this pretrial detention was unlawful because, if not for Defendant's fabrications, Plaintiff would not have been in the position to violate his bond conditions.

In his Second Amended Complaint, Plaintiff brings one Fourth Amendment claim for unlawful detention under 42 U.S.C. § 1983. Defendant moves to dismiss the Second Amended Complaint and argues that, if Plaintiff's unlawful detention claim were to succeed, it would necessarily impugn the validity of Plaintiff's DUI conviction in violation of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. 119 at 4–8.) Plaintiff responds that he is not attempting to relitigate the DUI conviction but instead seeks damages for alleged Fourth Amendment violations that occurred leading up to his being charged with DUI. (Dkt. 123 at 7.)

As explained below, Plaintiff's allegations would, if accepted, directly contradict an element of his DUI conviction: that Plaintiff's blood alcohol concentration was at least 0.08%. Because that result would negate a necessary fact underlying Plaintiff's settled criminal conviction, the unlawful detention claim presented in this case is barred under *Heck*. Defendant's motion to dismiss (Dkt. 119) must therefore be granted.

## I. BACKGROUND

On October 2, 2009, Plaintiff was involved in a car accident at an intersection in the Village of Sauk Village, Illinois. (Dkt. 118 ¶ 5.) Sauk Village police officers, including Defendant, arrived at the scene in response to the accident. (*Id.* ¶¶ 4, 8.) Defendant's police report (which Plaintiff alleges contains several lies) documents the following sequence of events leading to Plaintiff's arrest for aggravated DUI.

At the scene, Plaintiff exited his vehicle and spoke with Defendant and other responding officers. (*Id.* ¶ 10.) When Defendant asked Plaintiff to provide a driver's

license and proof of insurance, Plaintiff failed to provide adequate identification. (*Id.* ¶ 14.) Defendant then asked Plaintiff to perform a field sobriety test, which Plaintiff failed. (*Id.* ¶ 17.) After the field sobriety test, Defendant arrested Plaintiff and transported him to the Sauk Village police station. (*Id.* ¶¶ 22–23.) At the station, Defendant breathalyzed Plaintiff three times, but the results were inconclusive. (*Id.* ¶ 25-26.) Defendant then brought Plaintiff to a hospital to draw blood for the purpose of performing a blood alcohol concentration (BAC) test. (*Id.* ¶¶ 27–28.) Plaintiff's BAC exceeded the legal limit. (*Id.* ¶ 45.) Plaintiff was driven back to the Sauk Village police station the next morning where he was processed and charged with aggravated DUI. (*Id.* ¶ 36.) Plaintiff was then transported to the Circuit Court of Cook County, Illinois, where he remained detained until he posted bail on October 7, 2009. (*Id.* ¶¶ 37–38.)

Although the events preceding Plaintiff's arrest are disputed, the events that followed it are not. Plaintiff was released on bond subject to certain conditions, including a prohibition against contacting any witnesses to the car accident. (*Id.* ¶¶ 39–41.) For years, Plaintiff remained released on bond without incident. But in February 2014, Plaintiff was arrested and detained for harassing a witness to the car accident. (*Id.* ¶¶ 39–40.) At a pretrial hearing in November 2015, the state court concluded that there was probable cause to arrest Plaintiff for improperly communicating with a witness and denied his motion to quash the arrest. *Knox v. Curtis*, No. 18-2989, 771 F. App'x 656, 657 (7th Cir. June 3, 2019). The court issued a no-bail order, and Plaintiff remained in Cook County Jail until August 2017. *Id.*

Plaintiff was later convicted of communicating with a witness and sentenced to two years in prison. *Id.* Plaintiff was paroled in March 2018. *Id.*

Later in 2018, Plaintiff finally resolved the aggravated DUI case that arose from the October 2, 2009 car accident. On July 9, 2018, Plaintiff appeared in state court for a change of plea hearing. (Dkt. 119-2 at 1.) As part of the proceeding, the court explained the charge against Plaintiff: "[O]n or about October 2nd, 2009, you drove or were in actual physical control of a motor vehicle within the State of Illinois while the alcohol concentration in your blood or breath was .08[%] or more." (*Id.* at 3.) After acknowledging that he understood the charge, Plaintiff pleaded guilty. (*Id.*) Plaintiff also stipulated that "a sufficient factual basis exists in the charging instrument to form a conviction for driving under the influence of alcohol."[1] (*Id.* at 5.)

---

[1] Defendant attaches to his motion to dismiss a copy of the Seventh Circuit's decision in *Knox v. Curtis*, No. 18-2989, 771 F. App'x 656 (7th Cir. June 3, 2019), and the transcript of Plaintiff's state court change of plea hearing. (*See* Dkt. 119-1, Dkt. 119-2.) Rule 12(d) of the Federal Rules of Civil Procedure ordinarily requires a motion to dismiss to be converted to a motion for summary judgment if documents outside the pleadings are presented to the district court. Fed. R. Civ. P. 12(d). District courts, however, are permitted to "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *General Elec. Cap. Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080–81 (7th Cir. 1997); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (district court may consider "matters of which a court may take judicial notice" on a Rule 12(b)(6) motion). District courts may take judicial notice of court orders, hearing transcripts, and filings made by parties during litigation. *See Spiegel v. Kim,* 952 F.3d 844, 847 (7th Cir. 2020). Accordingly, the Court takes judicial notice of *Knox v. Curtis* and the transcript of Plaintiff's change of plea hearing and considers both documents when ruling on Defendant's motion to dismiss. In opposing Defendant's motion to dismiss, Plaintiff does not dispute the authenticity or object to the use of these documents. Instead, Plaintiff argues that the inferences to be drawn from these documents do not warrant dismissal. Plaintiff has thus waived (or at least forfeited) any argument that the documents should not be considered on Defendant's Rule 12(b)(6) motion. *See Bradley v. Village of Univ. Park, Ill.,* 59 F.4th 887, 896 n.2 (7th Cir. 2023).

Despite pleading guilty to aggravated DUI, Plaintiff now contends in his Second Amended Complaint that Defendant fabricated the evidence supporting Plaintiff's DUI arrest. Plaintiff alleges that Defendant made these fabrications because Defendant harbored a personal vendetta against Plaintiff over a person named Ashley. (Dkt. 118 ¶¶ 19–20.) According to Plaintiff, as Defendant was conducting Plaintiff's field sobriety test, Defendant asked Plaintiff his address and learned that Plaintiff lived near and knew Ashley. (*Id.* ¶¶ 15–18.) Defendant became "visibly agitated" and told Plaintiff, "[T]hat's my bitch as far as I am concerned," and, "[Y]ou're intoxicated, and I will tase your ass." (*Id.*) Defendant then tased and handcuffed Plaintiff and placed him in a patrol car. (*Id.* ¶¶ 22–24.)

At the police station, Defendant breathalyzed Plaintiff three times, but the results were inconclusive. (*Id.* ¶¶ 25–26.) Defendant then lied about Plaintiff experiencing back and neck pain as an excuse to transport Plaintiff to the hospital to draw his blood. (*Id.* ¶¶ 25–27.) At the hospital, Defendant handcuffed Plaintiff to a gurney, tased him again, had a nurse draw Plaintiff's blood, and said, "I got your ass now . . . I will make sure Ashley knows you are going to jail." (*Id.* ¶¶ 28–34.) In his police report, Defendant allegedly lied that Plaintiff failed the field sobriety test and "manufactured a false blood alcohol reading." (*Id.* ¶¶ 15–16, 33, 45.)

Plaintiff's theory is that "if Defendant had not filed a false police report, Plaintiff would not have been arrested and placed on bond for an aggravated DUI, and therefore would not have been in a position to violate that bond by engaging in alleged inappropriate communication with the witness to the car accident." (*Id.* ¶ 48.)

5

Defendant moves to dismiss Plaintiff's unlawful detention claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In the alternative, Defendant contends that this case is untimely. (Dkt. 119 at 9.)

## II. STANDARD OF REVIEW

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the Plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678−79.

## III. DISCUSSION

### A. Defendant's Motion to Dismiss Is Not an Improper Successive Motion

Plaintiff contends at the outset that Defendant's motion to dismiss is an improper successive motion under Rule 12(g)(2) of the Federal Rules of Civil

Procedure. Defendant previously moved to dismiss Plaintiff's original complaint, which included claims for false arrest, unlawful detention, excessive force, defamation, conspiracy, and violations of the Due Process and Equal Protection Clauses. (Dkt. 8 at 5; Dkt. 14.) Judge John Z. Lee, to whom this case was assigned at the time, granted the motion in part, which left only the unlawful detention claim. (Dkt. 35 at 1.) Plaintiff's Second Amended Complaint (the operative complaint) asserts only this unlawful detention claim. (Dkt. 118 ¶¶ 42–48.) Defendant now moves to dismiss this claim under *Heck*, but Plaintiff contends that the *Heck* argument was available to Defendant and should have been raised in his first motion to dismiss.

Rule 12(g)(2) of the Federal Rules of Civil Procedure states that:

> *Except as provided in Rule 12(h)(2) or (3)*, a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g)(2) (emphasis added). Rule 12(g)(2) "requires litigants to consolidate certain dismissal arguments in a single motion" to "prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground." *Ennenga v. Starns*, 677 F.3d 766, 772–73 (7th Cir. 2012). But Rule 12(g)(2) contains exceptions "as provided in Rule 12(h)(2) or (3)." *Id.* at 772 (quoting Fed. R. Civ. P. 12(g)(2)). In *Ennenga*, the Seventh Circuit held, after examining the text of Rules 12(g)(2) and 12(h)(2), that "Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." *Id.* at 773. Accordingly, a "litigant need not consolidate all

7

failure-to-state-a-claim arguments in a single dismissal motion," and Rule 12(g)(2) "does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Id.* at 773.

Because successive Rule 12(b)(6) arguments are not prohibited under Rule 12(g)(2), Defendant's present motion to dismiss for failure to state a claim is permissible even if Defendant's *Heck* argument was available during the first motion to dismiss.[2] As a consequence, Plaintiff's assertion that Defendant could have raised the *Heck* argument in the previous motion to dismiss is beside the point. Plaintiff appeals to the policy rationale behind Rule 12(g)(2), which is "to prevent piecemeal litigation . . . ." *Id.* Whatever Rule 12(g)(2)'s rationale may be, the text of the rule, as understood in this circuit, *see id.* at 772–73, exempts motions brought under Rule 12(b)(6). *Id.* Defendant's motion is thus proper, and the Court will consider the merits of Defendant's *Heck* defense.[3]

---

[2] Several circuits disagree with the Seventh Circuit's interpretation of Rule 12(g)(2) and hold that the rule's prohibition on successive motions applies to motions to dismiss for failure to state claim. *See, e.g., Albers v. Bd. of Cnty. Com'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 703 (10th Cir. 2014); *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320–21 (3d Cir. 2015); *In re Apple Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017). Even if the Seventh Circuit adopted this approach, however, the Court would still hold that Defendant's *Heck* argument is properly presented. Plaintiff's original *pro se* complaint, which was the subject of Defendant's first motion to dismiss, does not mention Plaintiff's DUI conviction. (Dkt. 8.) Accordingly, the *Heck* argument was not available to Defendant when he filed his first motion to dismiss.

[3] Plaintiff also argues that the law-of-the-case doctrine prevents the Court from considering Defendant's *Heck* argument because Judge Lee held that Plaintiff's unlawful detention claim survived Defendant's first motion to dismiss. (Dkt. 123 at 5–7.) That doctrine, however, is issue specific. *See Jarrard v. CDI Tele., Inc.*, 408 F.3d 905, at 911–12 (7th Cir. 2005) (When a court "decides upon a rule of law, that decision should continue to govern the same *issues* . . . .") (emphasis added). Because Defendant did not raise his *Heck* argument in

### B.     Plaintiff's Unlawful Detention Claim Is Barred Under *Heck*

Plaintiff contends that his pretrial detention for witness tampering was unlawful because his initial arrest for DUI was based on fabricated evidence. Without the fabricated evidence, Plaintiff would not have been arrested, released on bond, and subject to bond conditions, including the prohibition against contacting witnesses. Defendant responds that Plaintiff's claim is *Heck*-barred because establishing that Plaintiff's detention was unlawful necessarily impugns the validity of his DUI conviction.

*Heck* bars recovery for unlawful detention if it "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Because Plaintiff does not allege that his DUI conviction has been invalidated, the sole issue is whether Plaintiff's unlawful detention claim, if proven true, would necessarily impugn his valid conviction.

A claim implies the invalidity of a conviction if the facts necessary for proving the claim are inconsistent with the facts underlying the conviction. *See Woods v. Galan*, 2012 WL 4795899, at *2 (N.D. Ill. Oct. 9, 2012). For example, *Heck* barred a former inmate's section 1983 claim that "he never struck anyone and was beaten [by five prison guards] without any physical provocation" because he pleaded guilty to

_____

his first motion to dismiss, Judge Lee did not reach this issue. Accordingly, the law-of-the-case doctrine does not bar Defendant's argument under *Heck*.

five counts of aggravated battery and stipulated in his plea agreement "that he had hit all five defendants." *Id.* And, as relevant here, a plaintiff's allegation that key evidence supporting his still-valid conviction was fabricated is an attack on the facts underlying the conviction. *See Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (There "is no logical way to reconcile" plaintiff's claim that officers fabricated evidence "with a valid [murder] conviction."); *Fulton v. Bartik*, 547 F. Supp. 3d 799, 815 (N.D. Ill. 2021) (A "judgment for plaintiffs on the unlawful pretrial detention claim would have undermined the validity of their convictions because both their pretrial detention and convictions were based on the same allegedly fabricated evidence."); *Culp v.* Flores, 454 F. Supp. 3d 764, 769 (N.D. Ill. 2020) (Plaintiff's complaint implied the invalidity of the charges brought against him where he alleged that his detention was based on "false allegations, testimony, and fabricated police reports.").

Various cases have elaborated on why a civil case cannot be maintained where the allegations, if accepted, would impugn an extant criminal conviction. In *Okoro v. Callaghan*, for example, the Seventh Circuit held that *Heck* barred a Fourth Amendment claim to recover gems allegedly stolen by officers. 324 F.3d 488, 490 (7th Cir. 2003). *Okoro*'s plaintiff had previously been convicted for selling heroin, but "from the outset" he insisted that "he was not trying to sell the officers heroin, as they testified; he was trying to sell them gems and they stole them." *Id.* at 489. In other words, whether the plaintiff was selling gems or heroin was mutually exclusive—only one could be true. Proving that plaintiff was selling gems "almost certainly [means that] he was convicted in error" for selling heroin. *Id. Heck* thus barred the plaintiff's

10

civil claim because, if successful, it would impugn a fact—selling heroin—underlying his conviction. *Id.* at 490 (Plaintiff's argument "that there were no drugs, that he was framed" is a "collateral attack on his conviction.").

Plaintiff's allegations in this case would, if accepted, impugn the validity of his DUI conviction. Under Illinois law, a person is guilty of a Class A misdemeanor for driving under the influence if he is in "actual physical control of any vehicle within [Illinois] while: the alcohol concentration in the person's blood, other bodily substance, or breath is 0.08[%] or more." 625 ILCS 5/11-501. When Plaintiff pleaded guilty, he admitted that the facts necessary for proving each element of his DUI conviction, including having a BAC of at least 0.08%, were true. *See People v. Bosworth*, 415 N.E.2d 404, 408 (Ill. 1980). Plaintiff now contends, however, that his DUI arrest (which ultimately led to his unlawful detention) was made without probable cause because Defendant fabricated evidence. According to Plaintiff, Defendant lied that Plaintiff failed a field sobriety test and manufactured a false blood alcohol reading.

If proven true, Plaintiff's allegations would necessarily imply that Plaintiff did not have a BAC of 0.08%% and that the evidence supporting his conviction is false. In other words, the allegations are at odds with the evidence and facts (which Plaintiff admitted when pleading guilty) underlying his conviction. *See Fulton*, 547 F. Supp. 3d at 815 (claim is *Heck*-barred because allegedly unlawful pretrial detention and conviction were "based on the same allegedly fabricated evidence."). This

fundamental and irreconcilable inconsistency means that Plaintiff's case cannot continue.

In opposing dismissal, Plaintiff relies on *Mordi v. Zeigler*, 870 F.3d 703 (7th Cir. 2017). In *Mordi*, the plaintiff was pulled over by an Illinois state trooper while the plaintiff was driving on the interstate. *Id.* at 705. During the stop, a drug-sniffing dog alerted to the presence of drugs. *Id.* at 706. Officers then searched the car and discovered crack cocaine; the plaintiff was later charged and pleaded guilty to possession with intent to distribute. *Id.* at 706. While serving his sentence, the plaintiff in *Mordi*, however, filed a section 1983 lawsuit against the officers. Plaintiff alleged both that the traffic stop was the result of racial profiling and was illegally prolonged in violation of the Fourth Amendment. *Id.* at 705. As the Seventh Circuit explained, the plaintiff's claim was not *Heck*-barred because it challenged the officers' conduct (racial profiling and prolonging the stop) that led to discovery of the cocaine, not the existence of the cocaine itself. *Id.* at 708 ("Even if [plaintiff] were to prevail on his racial-profiling and prolonged-detention arguments, the discovery of the cocaine found within the car would be just as secure."). *Mordi* makes clear that claims are not *Heck*-barred if they challenge *how* the police discover evidence, not the *legitimacy* of that evidence. *Id.*; *see also Evans v. Poskon*, 603 F.3d 362, 363–64 (7th Cir. 2010) (A court's decision "not to suppress illegally seized evidence can lead to a conviction without blotting out a § 1983 challenge to the seizure.").

Just as the plaintiff in *Mordi* "insisted that he was complaining only of the improper racial profiling" and "prolonged nature of the stop" preceding the discovery

of incriminating evidence, Plaintiff contends that he "only complains of the *harm* Defendant's personal vendetta caused him leading to his eventual detention." (Dkt. 123 at 8 (emphasis added).) But the "harmful" conduct Plaintiff alleges here was Defendant's fabrication of a field sobriety test and BAC of 0.08%%, which led to Plaintiff's arrest for DUI. These facts show that Plaintiff does not, in fact, challenge *how* Defendant acquired this evidence (by arguing, for example, that Defendant illegally performed a blood draw) but instead challenges the *validity* of the blood draw's result.

Plaintiff also argues that, because he pleaded guilty, his conviction "does not rest in any way on Defendant's evidence but rather on his own admission that he was intoxicated." (Dkt. 123 at 8.) This contention, even if true, does not save Plaintiff's claim. In accepting Plaintiff's guilty plea, the Illinois court determined that "factual basis exist[ed]" to find that Plaintiff had a BAC of at least 0.08%%. *See Bosworth*, 415 N.E.2d at 408; (Dkt. 119-2 at 5). Plaintiff implies that his BAC was below 0.08%%. Otherwise, Defendant would not have needed to fabricate the results of the blood draw. Plaintiff's allegations thus negate the intoxication element of his DUI conviction. Moreover, the cases cited by Plaintiff—*Haring v. Prosise*, 462 U.S. 306, 321 (1983), and *Mordi*, 870 F.3d at 708—involve claims for unlawful seizure of evidence that focus on how police acquire evidence, not whether the evidence is legitimate. As previously explained, claims that attack the methods police use to acquire evidence are not *Heck*-barred. *See Easterling v. Moeller*, 334 F. App'x 22, 24 (7th Cir. 2009) (Plaintiff's allegation that police lacked consent to search plaintiff's

bag containing critical evidence does not implicate "the validity of [plaintiff's] conviction.").

At bottom, the Court must examine "what [Plaintiff] is asking for, before [it] can decide whether he may pursue his section 1983 action or if the *Heck* line of cases stands in his way." *Mordi*, 870 F.3d at 707. Plaintiff challenges the truthfulness of the events that occurred on October 2, 2009, which formed the basis of his DUI charge and ultimate conviction. Although Plaintiff asserts in his response brief that he does not attempt to relitigate the conviction, "it is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction." *Okoro*, 324 F.3d at 490. Plaintiff's allegations in his Second Amended Complaint make clear that the entire chain of events that led to the no-bail order started with an allegedly falsified police report. If the Court accepted that the police report, which provided probable cause for the DUI charge, contained fabrications, it would necessarily imply the invalidity of Plaintiff's DUI conviction.[4] Accordingly, Plaintiff's unlawful detention claim is *Heck*-barred.

## IV. CONCLUSION

Defendant's motion to dismiss (Dkt. 119) is granted. When a Rule 12(b)(6) motion is granted, the plaintiff should ordinarily "be given at least one opportunity

---

[4] Because the unlawful detention claim is *Heck*-barred, the Court does not reach Defendant's alternative argument that the claim is untimely. Defendant previously conceded the claim is timely when briefing his first motion to dismiss, however, and Judge Lee relied on this concession when finding the claim to be timely. (Dkt. 27 at 3; Dkt 35 at 4 n.3.) Because Judge Lee has already decided the statute of limitations issue, the Court would likely adhere to Judge Lee's finding under the law-of-the-case doctrine. *Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022) (When a case is "transferred between district judges midway through litigation, the doctrine discourages the new judge from reconsidering rulings made by the original judge.").

to try to amend [his] complaint." *Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492, 517 (7th Cir. 2022). Plaintiff, however, has already amended his complaint in response to Judge Lee's previous order partially granting Defendant's first motion to dismiss. Moreover, the Court would deny any proposed amendment as futile because "a more carefully drafted complaint . . . could not state a claim for relief." *In re Young*, 428 B.R. 804, 827 (Bankr. N.D. Ind. 2010). Additional allegations would not alter the conclusion that Plaintiff's unlawful detention claim, premised on Defendant's alleged evidence fabrication, is barred by *Heck*. Count I is thus dismissed with prejudice.

SO ORDERED in No. 19-cv-00343.

Date: May 11, 2023

_____
JOHN F. KNESS
United States District Judge